No. 370.

## BROWN *v.* ESTATE OF BROWN ET AL.

DECEDENTS' ESTATES.—*Husband and Wife.*—*Money Loaned to Husband.*— *Claim Against His Estate.*— *When Wife can not Enforce.*—A wife loaned money to her husband from time to time. Thereafter the wife purchased a piece of real estate, paying a portion of the purchase-money in cash, and executing a mortgage, in which her husband joined, to secure the balance thereof. The wife directed the husband to apply the money owing by him to her on account of said loans to the payment of such mortgage, and he fully paid the mortgage indebtedness, which was greater than the aggregate amount of the loans.

*Held,* that after the death of the husband, the wife had no claim against his estate on account of said loans.

*Held,* also, that the payment made by the husband on the mortgage should, to the extent of his indebtedness to his wife, be treated *prima facie* as made in compliance with her request.

*Held,* also, that the fact that the husband took the deed to the real estate purchased by his wife in the name of himself and wife, without her knowledge and consent, would not prevent the payment made by the husband, to the extent of his liability on account of said loans, from being regarded as a payment made at his wife's direction and request.

From the Montgomery Circuit Court.

*T. F. Davidson* and *J. West,* for appellant.

*G. D. Hurley, M. E. Clodfelter* and *J. W. Kern,* for appellees.

NEW, C. J.—The appellant is the administratrix of the estate of her husband, James Brown, deceased. Her action is by way of claim, in the usual form, against the estate of the decedent, for moneys alleged to have been loaned by her to the decedent in different sums, beginning in 1873, and ending in 1875.

Jennie Peckham and Preserve Brown, children and heirs at law of the deceased, were, upon their own motion, made party defendants. It was agreed of record that said Jennie Peckham and Preserve Brown might appear and defend against said claim, and all question was waived as to their right to do so.

An answer of general denial was filed to the complaint. No answer·was required, except as to set-off or counter-claim. Section 2324, R. S. 1881.

The cause was submitted to the court for trial, with a request by the appellees that the court make a special finding of facts and conclusions of law thereon.

Omitting the caption to the finding and signature of the judge, as also the description of certain real estate, the special finding and conclusions of law are as follows:

" 1. The court finds that the claimant and the deceased, James Brown, were married in 1865, and that the marriage relation between them subsisted until the death of Brown, in February, 1890; and that at the time of their marriage the claimant was the owner of an interest in a farm in the State of Illinois.

" 2. The court further finds that in November, 1873, the claimant received from the rents of said farm $205, which she then loaned to her husband, to be used by him in his business; that afterwards, in the summer of 1874, the claimant received the further sums of $90 and $75, all of which she then loaned to her said husband, to·be by him used in his business, and that no note or other written evidence of the decedent's obligation to said claimant for said money was executed by him, nor was any time fixed for its payment.

" 3. The court further finds that on the 26th day of March, 1875, claimant purchased of William H. Raney the following real estate in Montgomery county, Indiana, to wit, * * for the price of $3,000, paying in cash $1,669 of her own separate money, and that the balance of the purchase-price, $1,331, was raised upon the note of said decedent, secured by a mortgage on said premises, executed by said decedent and the claimant to William Mount, on the 26th day of March, 1875.

" 4. The court further finds that, at the time said mortgage was executed as aforesaid, the claimant directed the de-

ceased, to apply the money owing by deceased to claimant, on account of said loan to him as aforesaid, to the payment and satisfaction of said mortgage debt aforesaid, and that said mortgage debt was paid and fully satisfied by the decedent, James Brown, and said mortgage released of record on the 29th of September, 1884.

" 5. The court further finds that the claimant instructed the decedent to act as her agent in procuring the title to the premises so purchased by her as aforesaid, and directed that he should have the deed executed to her as the sole grantee therein, which he agreed to do; but that, without the knowledge or consent of the claimant, the said decedent procured the said deed to be executed to claimant and himself, and procured, without her knowledge or consent, to have inserted as a recital in said deed the following language, to wit : ' Each of the grantees having contributed equally in the purchase of said above described real estate, it is the express understanding and agreement that said real estate shall be held by them in common, and not in joint tenancy.' And that said deed was so made in March, 1875, and that the claimant was ignorant of the fact as to how said deed was drawn, and what recitals it contained, until a few months prior to the death of her husband.

" 6. The court further finds that the claimant is now claiming to be the absolute owner of the entire title to the said property conveyed by said deed mentioned in the foregoing finding as against the heirs at law of said decedent, and that the heirs at law of said decedent are claiming to be the owners by descent from said decedent of the one-half interest in said premises."

" The court states, as its conclusions of law upon the foregoing facts :

" 1. That the plaintiff is not entitled to recover."

The appellant thereupon excepted to the conclusions of law, and also moved the court for a new trial, which was by the court denied, and exception reserved.

Judgment was then rendered against the appellant for costs.

The appellant has assigned as error :

*First.* That the court erred in its conclusions of law upon the facts found.

*Second.* That the court erred in overruling the appellant's motion for a new trial.

The complaint was to recover money loaned.

It is made to appear, from the facts specially found by the court, that the appellant loaned in the years 1873 and 1874 $370 to the decedent, her husband ; that thereafter, on the 26th day of March, 1875, the appellant purchased the real estate described in the complaint, paying thereon at the time of the purchase $1,669, and executing at the same time a mortgage upon said real estate for $1,331, the remainder of the purchase-price, the decedent joining with her in the execution of said mortgage.

It is further found that when the mortgage was executed, the appellant directed her said husband to apply the money owing by him to her, on account of said loan, to the payment of said mortgage indebtedness, and that the same was paid and fully satisfied by the decedent, and the mortgage released of record on the 29th of September, 1884.

Counsel for the appellant, in their brief, say that it is not found by the court that the decedent did apply the moneys owing by him to his wife to the payment of the mortgage debt. It is true that it is not stated in the most direct terms that the money owing to the appellant by the decedent on account of said loans was applied by him on said mortgage debt. It is, however, shown that the decedent, after the direction given to him by the appellant, did pay and fully satisfy the mortgage.

A special finding, like a special verdict, or a series of instructions, must be considered as a whole.

We would not be justified in holding that the payment made by the husband, to the extent of his indebtedness on

said loan, should not be treated as a payment at her direction and request, simply because the deed was executed to the decedent as well as the appellant, without her knowledge or consent.

We think the payment made by the decedent should, to the extent of his indebtedness to the appellant, be treated *prima facie* as made in compliance with her request. She was the purchaser of the real estate, according to the facts found, was a party to the mortgage, and, as it seems to us, can not be heard to say, upon the facts as found, that no part of the money paid by the decedent on the mortgage was paid because of her direction.

Whether, upon the facts found, the appellant is, in equity, the sole owner of the real estate, is aside from the questions presented for our decision. Upon this point something has been said by counsel in their briefs, but with that we are not concerned, except, in so far as the deed executed to the real estate, and the circumstances associated with it, as found, may throw light upon the question as to whether any part of what was paid by the decedent was because of the direction given to him by the appellant.

We do not think the court below erred in its conclusion of law upon the facts found.

Alleged errors of law occurring at the trial, relating to evidence offered by the appellant, are assigned as grounds for a new trial.

Counsel for appellant give no attention to this in their brief; it is therefore waived.

The motion for a new trial was properly overruled. The facts found by the court are sustained by the evidence.

We find no error.

The judgment is affirmed, with costs.

Filed Oct. 13, 1891.